IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CAPE FEAR RIVER WATCH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:22-cv-03809-BAH |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY and ) | |
| MICHAEL S. REGAN, ) | |
| Administrator, United States ) | |
| Environmental Protection Agency, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CONSENT DECREE**

WHEREAS, on December 23, 2022, Plaintiffs Cape Fear River Watch, Rural

Empowerment Association for Community Help, Waterkeepers Chesapeake, Waterkeeper

Alliance, Humane Society of the United States, Food & Water Watch, Environment America,

Comite Civico del Valle, Center for Biological Diversity, and Animal Legal Defense Fund

(collectively, "Plaintiffs") filed the complaint in this action against Defendants the United States

Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator

of the United States Environmental Protection Agency (collectively, "EPA");

WHEREAS, Plaintiffs' complaint alleges that EPA has failed to perform its obligation

under section 304(b) of the Clean Water Act ("CWA"), 33 U.S.C. § 1314(b), to "at least

annually . . . revise, if appropriate," the effluent limitations guidelines for the Meat and Poultry

Products industrial point source category (referred to herein as "MPP Effluent Guidelines");

1

WHEREAS, Plaintiffs' complaint alleges that EPA has failed to publish "regulations establishing pretreatment standards for introduction of pollutants [from MPP facilities] into [publicly owned] treatment works ['POTWs']" (referred to herein as "MPP Pretreatment Standards"), as required by section 307(b) of the CWA, 33 U.S.C. § 1317(b), and that this failure constitutes "agency action . . . unreasonably delayed," in violation of section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1);

WHEREAS, in its Preliminary Effluent Guidelines Program Plan 15, published in the Federal Register on September 14, 2021, EPA stated that "[t]he MPP industry discharges the highest phosphorus levels and second highest nitrogen levels of all industrial categories" and stated that "these pollutants are at concentrations that can be reduced with current wastewater treatment technology," EPA, EPA-821-R-21-003, *Preliminary Effluent Guidelines Program Plan 15* 6-2 (2021);

WHEREAS, in light of the aforementioned statements, EPA "initiat[ed] a rulemaking to revise the [MPP] ELGs, as appropriate," *id.*;

WHEREAS, on November 19, 2021, EPA reiterated "that there are existing, affordable technologies that can reduce nutrient concentrations in MPP wastewater," *Proposed Information Collection Request; Comment Request; Meat and Poultry Products Industry Data Collection*, 86 Fed. Reg. 64,931, 64,931 (Nov. 19, 2021);

WHEREAS, on December 17, 2021, Plaintiffs served a notice of intent to sue EPA for failure to perform non-discretionary duties under the Clean Water Act;

WHEREAS, on January 13, 2022, Plaintiffs served a courtesy letter providing notice of Plaintiffs' intent to file a lawsuit to compel EPA to promulgate MPP Pretreatment Standards by a date certain;

WHEREAS, Plaintiffs and EPA (collectively, "the Parties") subsequently entered into settlement discussions, resulting in this negotiated Consent Decree;

WHEREAS, the Parties agree that resolution of Plaintiffs' claims for relief as alleged in their complaint without further litigation is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving such claims; and

NOW THEREFORE, before EPA files any response to Plaintiffs' complaint, before any adjudication of Plaintiffs' claims for relief as alleged in their complaint, without admission or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a)(2).

2.      Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because substantial parts of the alleged events or alleged omissions giving rise to the claims occurred in the District of Columbia.

## EPA OBLIGATIONS

3.      No later than December 13, 2023, EPA shall sign (and promptly thereafter transmit to the Office of the Federal Register) a notice of proposed rulemaking pertaining to revisions to the MPP Effluent Guidelines and publication of the MPP Pretreatment Standards under the CWA.  In

addition, EPA shall provide Plaintiffs with a copy of the aforementioned proposed rule within five business days of signature.

4.    On June 30, 2024, and every 180 days thereafter until EPA signs a decision taking final action pertaining to revisions to the MPP Effluent Guidelines and publication of the MPP Pretreatment Standards under the CWA, EPA shall file with the Court a report on the status of the rulemaking and progress towards completion.

5.    No later than August 31, 2025, EPA shall sign (and promptly thereafter transmit to the Office of the Federal Register) a decision taking final action following notice and comment rulemaking pertaining to revisions to the MPP Effluent Guidelines and publication of the MPP Pretreatment Standards under the CWA.  In addition, EPA shall provide Plaintiffs with a copy of that notice taking final action within five business days of signature.

## EXTENSIONS AND MODIFICATIONS

6.    This Consent Decree may be modified by written agreement of the Parties and approval of the Court.  Any dates set forth in this Consent Decree may be extended by written agreement of the Parties and notice to the Court.  To the extent the Parties are not able to agree to an extension, EPA may seek a modification of this Consent Decree by filing a motion for good cause shown pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by Plaintiffs and any reply by EPA, in accordance with the procedures specified below.

7.    If EPA files a motion pursuant to Paragraph 6 requesting modification of a date or dates established by this Consent Decree and provides notice to the other party at least sixty (60) days prior to filing such motion, and files the motion at least forty-five (45) days prior to the date for which modification is sought, then the filing of such motion shall, upon request,

automatically extend the date for which modification is sought until the earlier to occur of (i) a dispositive ruling by this Court on such motion, or (ii) 180 days after the date for which modification is sought.

8.      If EPA does not provide notice pursuant to Paragraph 7 above, EPA may move the Court for a stay of the date for which modification is sought.  EPA shall give notice to Plaintiffs as soon as possible of its intent to seek a modification or stay of the date sought to be modified.  The filing of a motion pursuant to Paragraph 8 will not stay the date for which modification is sought.

9.      EPA and Plaintiffs recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent Decree. Should such a delay occur because of a lapse in appropriations by Congress resulting in a government shutdown, such deadline shall be extended automatically one day for each day of the shutdown. No motion based on good cause or notice from EPA is required to extend time in connection with a lapse in appropriations resulting in a government shutdown (i.e., in those circumstances, the extension is automatic). Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree.

10.     If the Court denies a motion by EPA to modify a date established by this Consent Decree, but the date had been stayed pending the Court's ruling on the motion for modification, then the date for performance for which modification had been requested shall be such date as the Court may specify.

11.     Any motion to modify the schedule established in this Consent Decree shall be accompanied by a motion for expedited consideration.

**CONTINUING JURISDICTION AND TERMINATION**

12.     The Court shall retain jurisdiction to effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including reasonable attorneys' fees).  When EPA's obligations under Paragraphs 3, 4, and 5 of this Consent Decree have been completed and Plaintiffs' claim for costs of litigation (including reasonable attorneys' fees) have been resolved, EPA may move to have the Consent Decree terminated and the case dismissed with prejudice.  Plaintiffs shall have thirty (30) days in which to respond to such a motion, unless the Parties stipulate to a longer time for Plaintiffs to respond.

13.     The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) after this Consent Decree is entered by the Court.

**DISPUTE RESOLUTION**

14.     In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  If the Parties cannot reach an agreed-upon resolution within 15 business days after receipt of the notice, then either party may move the Court to resolve the dispute.

**GENERAL PROVISIONS**

15.     This Agreement shall not constitute or be construed as an admission or adjudication by any party of any question of fact or law with respect to claims raised in this action.  Nor is it an admission of violation of any law, rule, regulation, or policy by the United States or EPA.

6

16.     The obligations imposed by EPA under Paragraphs 3, 4, and 5 of this Consent Decree can only be undertaken using appropriated funds.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

17.     Nothing in this Consent Decree shall be construed to limit or modify any discretion EPA may have to alter, amend, or revise the actions taken pursuant to Paragraphs 3, 4, and 5 of this Consent Decree.

18.     Nothing in the terms of this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CWA or by general principles of administrative law in taking the actions referred to in Paragraphs 3, 4, and 5.  EPA's obligation to perform the actions specified in Paragraphs 3, 4, and 5 of this Consent Decree, by the dates specified in said Paragraphs, does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

19.     Nothing in the terms of this Consent Decree shall be construed either (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under section 509(b)(1) of the CWA, 33 U.S.C. § 1369(b)(1) or to waive any remedies Plaintiffs may have under section 509(b)(1) of the CWA, 33 U.S.C. § 1369(b)(1).  Nothing in the terms of this Decree shall be construed to confer upon the district court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Decree, except for the purpose of determining EPA's compliance with this Consent Decree.

20.     The Parties agree to treat this Consent Decree as jointly drafted by Plaintiffs and

EPA.  Accordingly, the Parties hereby agree that any and all rules of construction to the effect

that ambiguity is construed against the drafting party shall be inapplicable in any dispute

concerning the terms, meaning, or interpretation of this Consent Decree.

21.     Nothing in this Consent Decree shall be construed as an admission of any issue of

fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action

EPA may take with respect to the actions addressed in this Consent Decree.

## RECIPIENTS OF NOTIFICATION

22.     Any notices required or provided for by this Consent Decree shall be in writing,

effective upon receipt, and sent to the following:

For Plaintiffs:

ALEXIS ANDIMAN
Senior Attorney
Earthjustice
48 Wall Street, 19th Floor
New York, New York 10005
(212) 845-7394

JENNIFER DUGGAN
Deputy Director
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
(202) 263-4446

For EPA:

Chief
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044

Attn:  DJ #s 90-5-1-4-22093, 90-5-1-4-22327

Associate General Counsel
Water Law Office
U.S. Environmental Protection Agency
Office of General Counsel
Mail Code 2355A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

Courtesy copies shall also be sent via email to undersigned staff counsel for the relevant party at the email addresses listed in the signature block of this Consent Decree (or at such other email addresses as requested in writing following entry of this Consent Decree).

## EFFECTIVE DATE

23.    This Consent Decree shall become effective upon the date of its entry by the Court.  If for any reason the Court does not enter this Consent Decree, the obligations set forth in this Decree are null and void.

## SIGNATURE OF PARTIES

24.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.


IT IS SO ORDERED this 3rd day of May, 2023.


_____

UNITED STATES DISTRICT COURT JUDGE

9

Approved by Counsel for the Parties:

FOR EPA:

TODD KIM
United States Department of Justice
Assistant Attorney General
Environment and Natural Resources
Division

Dated:  May 1, 2023                          */s Andrew J. Doyle*
ANDREW DOYLE
Attorney
San Francisco Field Office
450 Golden Gate Avenue, Room 7-6714
San Francisco, CA 94102
(415) 744-6469
andrew.doyle@usdoj.gov

*Of counsel*:
POOJA S. PARIKH
U.S. Environmental Protection Agency
Office of General Counsel  - 2355A
1200 Pennsylvania Ave., N.W.
Washington, D.C.  20460
(202) 564-0839
parikh.pooja@epa.gov

FOR PLAINTIFFS:

Dated: May 1, 2023                           s/ Alexis Andiman
ALEXIS ANDIMAN
Senior Attorney
Earthjustice
48 Wall Street, 19th Floor
New York, New York 10005
(212) 845-7394
aandiman@earthjustice.org

10

Dated: May 1, 2023                    <u>s/ Jennifer Duggan</u>
                                      JENNIFER DUGGAN
                                      Deputy Director
                                      Environmental Integrity Project
                                      1000 Vermont Avenue NW, Suite 1100
                                      Washington, DC 20005
                                      (202) 263-4446
                                      jduggan@environmentalintegrity.org